NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 19 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OMAR SOTO, Sr.,

Plaintiff-Appellant,

v.

ANDREW SAUL, Commissioner of Social Security,

Defendant-Appellee.

No.   18-16288

D.C. No. 2:17-cv-00742-DJH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted May 15, 2020[**]

Before:  LEAVY, TROTT, and SILVERMAN, Circuit Judges.

Omar Soto appeals the district court's judgment affirming the Commissioner

of Social Security's denial of his application for disability insurance benefits under

Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291

and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2016), and we affirm.

The ALJ provided specific and legitimate reasons supported by substantial evidence to discount the opinion of examining psychologist Dr. Van Eerd. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017). The ALJ properly gave little weight to Dr. Van Eerd's conclusions because they were internally inconsistent, inconsistent with Soto's reported activities of daily living, and contradicted by the objective medical evidence. Despite Dr. Van Eerd's conclusion that Soto could not complete a workweek without interruption due to fatigue and depressed mood, he found that Soto could interact, accept and follow instruction and criticism, respond effectively to workplace interactions, and that Soto was cooperative, maintained good eye contact, and had fair understanding and memory, adequate attention and concentration, and good judgment and insight. The ALJ also found Dr. Van Eerd's opinion inconsistent with Soto's reported activities of daily living, including taking care of personal needs and chores, cooking, shopping, playing with his grandchildren, and attending family activities. Contrary to Soto's argument, the ALJ cited to these examples in the record when discussing Soto's activities of daily living earlier in the opinion, albeit two pages earlier than in her discussion of Dr. Van Eerd's opinion.

The ALJ gave specific and legitimate reasons for assigning little weight to treating physician Dr. Holmes's opinion that Soto was completely disabled. *See*

*Trevizo*, 871 F.3d at 675. Substantial evidence supports this finding, including Dr. Holmes's own treatment notes, which reflected that Soto's neuropathy responded well to gabapentin, his mood responded well to Lexapro, and diabetic symptoms were improving with treatment. The ALJ properly considered the consistency of Dr. Holmes's RFC assessment with the record, 20 C.F.R. § 404.1527(c)(4); *see also Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ may discount a medical opinion that is not supported by the record as a whole or by objective medical findings); *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (ALJ "may reject a treating physician's opinion if it is based to a large extent on the claimant's self-reports that have been properly discounted as incredible").

Though Soto argues the length of the treating relationship was an insufficient basis upon which the ALJ rejected Dr. Holmes's opinion, this was, permissibly, only one reason the ALJ cited for providing little weight to Dr. Holmes's opinion. *See* 20 C.F.R. § 416.927(c)(2)(ii). Additionally, the ALJ properly assigned little weight to Dr. Holmes's opinions because the checked-box form was not supported by the medical evidence, including her own notes. *Ford v. Saul*, No. 18-35794, slip op. at 20 (9th Cir. filed Feb. 20, 2020) ("While an opinion cannot be rejected merely for being expressed as answers to a check-the-box questionnaire, *Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017), 'the ALJ may

3

permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions.'") (quoting *Molina*, 674 F.3d at 1111).

The ALJ provided specific and legitimate reasons for affording weight to the state examining and reviewing physicians. The ALJ afforded proper weight to these opinions because she noted that they were consistent with the objective medical evidence and Dr. Holmes's own treatment notes.

The ALJ did not err by discrediting Soto's symptom testimony because she reasonably concluded that Soto's statements about his daily activities were contradicted in the record. *See Orn v. Astrue*, 425 F.3d 625, 639 (9th Cir 2007). The ALJ properly considered Soto's "prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). The ALJ noted specific inconsistencies between Soto's reported daily activities on his function report, his testimony at the hearing, and elsewhere in his medical records. By citing these inconsistencies, which are supported by substantial evidence, the ALJ provided a clear and convincing reason to discount Soto's testimony. *See id.*

**AFFIRMED.**

4

*Soto, Sr. v. Saul*, No. 18-16288

SILVERMAN, Circuit Judge, dissenting:

Dr. Van Eerd was chosen to conduct an independent in-person psychological examination of Soto. He opined that Soto's depression would prevent him from working a regular workweek. The ALJ rejected Van Eerd's opinion in favor of the opinions of two consultants who never saw Soto and only reviewed some records. The ALJ gave little weight to Van Eerd's workweek opinion, reasoning that it was contradicted by his other findings, such as Soto's ability to follow instructions, interact with co-workers, etc.

An ALJ's evaluation of the evidence is entitled to deference as long as it is reasonably supported. In this case, the supposed contradiction relied on by the ALJ is not a contradiction at all. It is entirely plausible that Soto is able to do his job – if and when he shows up for work – but that there are days that he can't get out of bed. The fact that Soto can follow directions and accept criticism in the workplace (or feed and bathe himself) doesn't address Dr. Van Eerd's conclusion that Soto's "fatigue, depressed mood with avoidance and low motivation and distraction per physical distress" will keep him from regularly "complet[ing] a work week." I don't see any necessary inconsistency that would justify rejecting, on *this* basis, Van Eerd's opinion. Maybe there are were other reasons to have given little weight to Van Eerd's opinion, but the one articulated by the ALJ is a non sequitur.

Furthermore, this error cannot be deemed harmless because the vocational expert opined that if Van Eerd's opinion were accepted, Soto would be unable to work.

I would reverse.